IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE M. FERGUSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 19-340-PX |
| THE UNITED STATES OF AMERICA, *et al*., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending in this slip and fall case is the United States' Motion to Dismiss or for Summary Judgment, arguing that the claim falls within the discretionary function exception to the Federal Tort Claims Act.  ECF No. 59.  Also pending is Dean Partnership, LLP ("Dean Partnership")'s Motion for Summary Judgment, contending that Plaintiff Catherine M. Ferguson ("Ferguson") assumed the risk when she knowingly stepped on an icy path leading to a United States Post Office lobby.  ECF No. 60.  The Court has reviewed the pleadings and finds no need for a hearing.  Loc. R. 105.6.  For the following reasons, the United States' motion is GRANTED, and Dean Partnership's Motion is DENIED.

I.  **BACKGROUND**

The United States Postal Service ("Postal Service") operates the post office branch located in Hollywood, Maryland (the "Post Office").  The Postal Service leases the grounds and facility from Dean Partnership.  The lobby of the Post Office is open 24 hours a day to allow patrons access to the mail drop box.

According to the Postal Service Operations Manual, the Postmaster retains discretion to provide such 24-hour a day access, "provided that customer safety and security provisions are

deemed adequate by the Inspection Service." ECF No. 59-4 at 3. The Postal Service Supervisor's Safety Manual, which is designed to "give supervisors the information and techniques they need to support Postal Service safety and health policies," addresses specifically the maintenance of the grounds during inclement weather. ECF No. 59-5. Section 8-15.2, entitled "Removing Snow and Ice" states in pertinent part:

> You must establish snow and ice removal plans where necessary. Pay particular attention to areas where customers and other pedestrians may slip and fall, and where vehicle maneuvering can be hazardous . . . .
>
> Provide for reinspection and cleaning as often as necessary to handle drifting snow and refreezing. Encourage employees to help provide safe walking and driving surfaces on Postal Service premises by reporting icy and otherwise dangerous spots. Consult your local Postal Service environmental coordinator for guidance on the purchase and use of ice melting products.

ECF No. 59-5 at 2.

On December 17, 2016, Ferguson visited the Post Office to mail some Christmas cards. ECF No. 38 ¶ 5; ECF No. 63-2. The Post Office was closed for business, but the lobby was open to allow patrons access to a mail drop box. The sidewalk adjoining the lobby was icy. ECF No. 63-2 at 2–3.[1] Ferguson, stepping onto what she knew from previous visits to be a paved sidewalk, slipped on the ice and fell, hitting her head. *Id.* at 2–4. Ferguson now sues the United States pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C §§ 2671–80, 1346, for negligently failing to keep the premises safe and warn against such hazardous conditions.

The United States, in turn, joined Dean Partnership, the landlord for the premises, and Ferguson amended her Complaint to include Dean Partnership as a defendant. ECF Nos. 15, 38.

---

[1] Ferguson initially claimed that she fell "on raised and cracked bricks in the walkway." ECF No. 38. But Ferguson's deposition testimony, at least the portions shared with the Court, reflect that Ferguson in fact slipped on ice. ECF No. 63-2. The parties do not regard this factual discrepancy as material, and indeed Ferguson now appears to embrace that she slipped on the ice. ECF No. 63-1 ("[I]t is undisputed that Plaintiff expected to step up onto pavement, but instead was surprised when she stepped on an icy patch which made her unstable and caused her to fall. . . ."). The Court will treat that fact as undisputed.

2

The United States now moves to dismiss the complaint allegations against it for lack of subject matter jurisdiction, arguing that the discretionary function exception to the FTCA bars this suit. ECF No. 59.  Dean Partnership moves for summary judgment in its favor, contending that Ferguson's claims are barred under the assumption-of-risk doctrine.  ECF No. 60.  The Court addresses each motion separately.

## II.     STANDARD OF REVIEW

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  Generally, questions of subject matter jurisdiction "must be decided first, because they concern the court's very power to hear the case."  *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n. 4 (4th Cir. 1999) (internal quotation marks omitted).  In reviewing a Rule 12(b)(1) motion, the Court "may consider evidence outside the pleadings."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  The Court may grant a motion to dismiss on 12(b)(1) grounds "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Evans*, 166 F.3d at 647; *see also Jadhav*, 555 F.3d at 347–48.  The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence.  *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

A motion for summary judgment is proper if no genuine dispute exists as to any material fact such that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452

F.3d 299, 302 (4th Cir. 2006). "A material fact is one that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting 7 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* (quoting *Anderson*, 477 U.S. at 248–49).

On a motion for summary judgment, the Court must consider record evidence, not simply assertions in the pleadings, to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–34). Such evidence must be construed in the light most favorable to the non-moving party. *See Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (citing *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005)).

### III.  DISCUSSION

#### A.  Suit Against the United States

Ferguson alleges that the Defendants failed to warn of icy conditions in the Post Office lobby and failed to maintain the premises in a safe manner. ECF No. 38. The FTCA provides the sole avenue for relief arising from torts committed by agents of the United States in the course of their employment. *See* 28 U.S.C. § 2679(b)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)) ("The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."). More particularly, the FTCA provides a "limited waiver" of

4

the United States' sovereign immunity where in the United States accepts liability to the "same extent as a private individual would have under like circumstances." *Strand v. United States*, 233 F. Supp. 3d 446, 455 (D. Md. 2017).  Thus, because the FTCA sets out the specific terms under which the United States waives its sovereign immunity, the statute's terms must be strictly followed.

Not all actions sounding in tort may be brought against the United States.  The FTCA's "discretionary function" exception expressly precludes suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  The discretionary function exception extends where agency actors exercise a measure of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991).

In assessing the applicability of the discretionary function exception, the Court considers two factors. *Gaubert*, 499 U.S. at 322–23; *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).  First, the Court assesses whether the complained-of acts or omissions involved an element of judgment or choice.  In this respect, the complained-of acts must not have been subject to a statute, regulation, or policy that prescribes a specific course of action. *Gaubert*, 499 U.S. at 322 ("The requirement of judgment or choice is not satisfied if a 'federal statue, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'") (quoting *Berkovitz*, 486 U.S. at 536).  Where the government had "room for choice," then the first prong of the discretionary function exception is met. *Atallah v. United States*, 955 F. 2d 776, 783 (1st Cir. 1992).

5

Second, the Court must determine whether that discretionary decision involves social, economic, or policy considerations. *See Gaubert* 499 U.S. at 322–23. "[D]ay-to-day operational decisions of government [employees] are entitled to immunity under the FTCA so long as the choices are 'susceptible to policy analysis.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F. 3d 201, 208 (4th Cir. 2002) (quoting *Gaubert*, 499 U.S. at 325). The purpose of this second consideration is to prevent the courts from "second-guessing" decisions "grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 814 (1984)); *see also Baum v. United States*, 986 F.2d 716, 720–721 (4th Cir. 1993). If both prongs are satisfied, then the agency is shielded from liability even if negligent. *Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993).

To this point, "when established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert,* 499 U.S. at 324. *See also Stephenson v. United States*, No. 1:16-11979, 2017 WL 5760451, at *4 (S.D.W. Va. Nov. 28, 2017) (this court refuses to decipher the actor's "subjective intent," and instead focuses "on the nature of the actions taken and on whether they are susceptible to policy analysis."). This Court, therefore, "must make every presumption that the Post Office's choice is 'grounded in policy when [it is] exercising [its] discretion.'" *Stephenson*, 2017 WL 5760451 at *4 (quoting *Gaubert*, 499 U.S. at 324) (alterations in original).

As to the first element of the discretionary function exception, the United States argues that the decision to keep the Post Office lobby open after-hours plainly is a matter of choice, as is the manner in which the Post Office maintains the lobby in inclement weather. Ferguson

responds, essentially, that the United States is "focus[ing] on the wrong conduct," *Krey v. Brennan*, No. DKC-15-3800, 2017 WL 2797491, at *2 (D. Md. June 28, 2017), *aff'd*, 734 F. App'x 203 (4th Cir. 2018), and that the relevant government "decisions" remain its "duty to inspect" its premises and to "warn patrons" of hazardous conditions.  ECF No. 62-1 at 8.

Courts have universally rejected Ferguson's framing of the issue in nearly identical slip and fall cases occurring after-hours on Post Office property.  *See, e.g.*, *Williams v. United States*, No. 1:18-00021, 2018 WL 5077652, at *2–4 (W.D. Va. Oct. 18, 2018); *Stephenson*, 2017 WL 5760451, at *3; *Krey*, 2017 WL 2797491, at *5; *Hogan v. United States*, No. 7:10-107 HL, 2012 WL 359706, at *6 (M.D. Ga. Feb. 2, 2012), *aff'd*, 492 F. App'x 33 (11th Cir. 2012).  As Judge Deborah Chasanow succinctly explained in *Krey v. Brennan*, the relevant decision is the Postmaster's choice to keep the lobby open after-hours, which necessarily entails decisions about how to maintain part of the grounds not otherwise staffed or open for regular business.  2017 WL 2797491at *4.  In so concluding, the Court rejected the argument that Ferguson presses here; that this Court must consider as the discretionary acts the decisions not to warn or prevent the icy conditions in the first place.

As in *Krey,* this Court declines that invitation so as not to "allow the threat of tort liability to become a tool to shape the policy" rather than the policy itself guiding the analysis.  2017 WL 2797491 at * 4 (internal quotation marks omitted).  The Court adopts the sound reasoning of *Krey* and concludes that keeping the lobby open after-hours is the relevant policy decision. Moreover, this Court is not alone in concluding that this decision "clearly 'involves an element of judgment or choice.'" *Id.* (collecting cases); *see also Williams*, 2018 WL 5077652 at *3 (interpreting same Postal Service manuals, found decision to allow after-hours access to post office lobby falls within FTCA discretionary function exception); *Stephenson*, 2017 WL

5760451 at *4–5.

Regarding the second prong of the discretionary function exception, whether to keep the Post Office lobby open after-hours involves policy determinations on the part of the Postal Service. As *Krey* and others have rightly concluded, the Postal Service must consider "costs to the government and the benefit to the community." *Krey,* 2017 WL 2797491 at *5 (quoting *Smith*, 290 F.3d at 209). *Cf. Stephenson*, 2017 WL 5760451 at *5. Nor does Ferguson "even attempt to overcome the presumption that [the Postmaster's] judgment is the kind that the discretionary function exception was designed to shield." *Stephenson*, 2017 WL 5760451 at *5 (quoting *U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009)) (internal quotation marks omitted) (alteration in original). Thus, the Court easily concludes that the second prong of the discretionary function exception has been met. The United States' motion must be granted.

### B.  Negligence Claim Against Dean Partnership

Dean Partnership argues that this Court must grant summary judgment in its favor under the "assumption-of-risk" doctrine. ECF No. 60 at 1. In Maryland, the assumption-of-risk defense requires Dean Partnership to demonstrate that Ferguson knew the risk of the danger, appreciated the risk, and voluntarily confronted the risk such that she can be said to have "abandon[ed] the right to complain if an accident occurs." *See ADM Partnership v. Martin*, 348 Md. 84, 91 (1997) (internal quotation marks omitted). Accordingly, Dean Partnership must convince this Court that, viewing the facts most favorably to Ferguson, no reasonable dispute exists as to her intentional and voluntary exposure to a *known* danger. *Id.*

Dean Partnership argues that Ferguson "knew of the presence of frozen precipitation on the common area sidewalks" at the Post Office, and so, walking on ice necessarily entails the

obvious risk of slipping such that the assumption-of-risk defense applies as a matter of law. ECF No. 60 at 2. On this record, the Court cannot agree. Ferguson testified in her deposition that she knew that the sidewalk on which she slipped was a brick walk "without the ice." ECF No. 63-2 at 3. And that on the day of her fall, she "stepped onto the, what *usually is pavement to me*, but was ice *and not realizing*, and I slid; I fell that way." *Id.* at 4 (emphasis added). Based on this testimony alone, a reasonable trier of fact could conclude that the conditions were not apparently icy, and that Ferguson did not appreciate the danger of the ice such that she could assume the risk of stepping on it. Dean Partnership's motion is thus denied.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS the United States' Motion to Dismiss (ECF No. 59)[2] and DENIES Dean Partnership's Motion (ECF No. 60).

A separate Order follows.

|   August 2, 2021   | /S/ |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |

---

[2] The United States also separately moved for summary judgment on the assumption-of-risk doctrine. ECF No. 61. Because the Court dismisses the claims against the United States for lack of subject matter jurisdiction, the separate summary judgment motion at ECF No. 61 is denied as moot.